### A10A1250. VIDALIA OUTDOOR PRODUCTS, INC. et al. v. HIGGINS.
(701 SE2d 217)

SMITH, Presiding Judge.

Vidalia Outdoor Products, Inc. ("Vidalia Outdoor") appeals from the trial court's grant of summary judgment to Scott Higgins on his claim for rescission of a contract. For the reasons set forth below, we reverse.

The record reveals without dispute that on May 14, 2004, Vidalia Outdoor agreed "to sell Scott Higgins one (1) percent of [Vidalia Outdoor] for $29,000." The written agreement was signed by Higgins and Tim Montgomery, as president of Vidalia Outdoor. In his affidavit, Higgins contends that "Montgomery represented" that Higgins "would receive a stock certificate in exchange for his investment in VOP." Higgins asserts that Montgomery also represented that should Higgins "become dissatisfied for any reason with his investment in VOP, that Montgomery would buy back the VOP stock."

In his affidavit, Montgomery contends that the contract is "the entire agreement between the parties and fully states the agreement of the parties." The written contract makes no mention of stock certificates or a buy-back agreement.

The written contract also provides that Higgins would "represent VOP in the Atlanta, GA area as [an] independent sales agent." According to Montgomery, Higgins began selling grills after the stock purchase. Higgins and his wife also "participated in corporate meetings and discussed the corporate finances with [Montgomery] and other members of the corporation."

By January 2006, Vidalia Outdoor had $5,390 in outstanding

invoices for products delivered to Higgins or at Higgins's direction to a customer. According to Montgomery, all attempted communications with Higgins after January 2006 failed.

The record before us shows that Higgins's counsel requested information from Vidalia Outdoor in April 2008 about Higgins's ownership interest in Vidalia Outdoor. After reviewing documents provided in response to this request in July 2008, Higgins rescinded the sales contract for a one-percent ownership interest based upon mutual mistake, fraudulent misrepresentation, and Vidalia Outdoor's alleged nonperformance. According to the letter of rescission, Vidalia Outdoor breached the contract by failing to issue a stock certificate to Higgins, failing to reflect Higgins's ownership interest in its tax returns, and failing to "otherwise include . . . Higgins in the operations and ownership of [Vidalia Outdoor]." Based upon his rescission of the contract, Higgins requested a refund of his initial $29,000 investment.

On October 1, 2008, Higgins filed suit against Vidalia Outdoor and Tim Montgomery based upon his rescission of contract claim. The trial court subsequently granted Montgomery's motion for summary judgment based upon his lack of individual liability under the contract. Higgins moved for summary judgment in his favor on his claim for rescission based upon Vidalia Outdoor's failure to implement the sale of a one-percent ownership interest to him. Vidalia Outdoor opposed the motion, arguing that Higgins had not demonstrated a material breach and that Higgins failed to seek rescission as soon as possible. In support of its opposition, Vidalia Outdoor pointed to evidence showing that it issued a stock certificate to Higgins in October 2008, that it amended its tax returns to reflect Higgins's one-percent interest, and that it reconstructed lost corporate minutes approving the sale of stock to Higgins.

The trial court granted summary judgment to Higgins in the amount of $29,000 based upon its conclusion that Vidalia Outdoor failed to perform its obligation under the contract because Higgins "did not receive the certificates or any other evidence of his purchase" and because Vidalia Outdoor "acted as though no conveyance had been made, representing on 2004, 2005, 2006, and 2007 tax returns that Tim Montgomery was the 100 percent owner."

In its appeal, Vidalia Outdoor contends that issues of fact remain with regard to whether its alleged nonperformance authorized Higgins to unilaterally rescind the contract. We agree.

> Generally, one injured by a breach of a contract has the election to rescind or continue under the contract and recover damages for the breach. But to justify rescission, there must be a material nonperformance or breach by the

opposing party. If the breach is not material, the party is limited to a claim for damages and cannot rescind the contract.

A breach is material when it is so substantial and fundamental as to defeat the object of the contract. In other words, to trigger the right to rescission, the act failed to be performed must go to the root of the contract. A breach which is incidental and subordinate to the main purpose of the contract does not warrant termination.

(Citations and punctuation omitted.) *Forsyth County v. Waterscape Svcs.*, 303 Ga. App. 623, 633 (694 SE2d 102) (2010).

In this case, the contract provided *only* that Vidalia Outdoor would sell Higgins a one-percent ownership interest for $29,000. Vidalia Outdoor admits that Higgins has such an interest, and the record shows that Higgins participated in corporate meetings and discussed corporate finances for over a year after he purchased the ownership interest. Montgomery denies that he orally agreed to provide a stock certificate to Higgins and also denies the existence of a buy-back agreement. Based on the limited record before us, genuine issues of fact remain as to whether Vidalia Outdoor's initial failure to issue a stock certificate to Higgins and its initial failure to note his one-percent ownership interest on its tax returns was a breach "so substantial and fundamental as to defeat the object of the contract." *Waterscape Svcs.*, supra at 633.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 7, 2010.

*Bryant & Cook, Malcolm F. Bryant, Jr.*, for appellants.
*Jones & Walden, Cameron M. McCord*, for appellee.

